IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CALVIN RAY HYDER | § | |
| v. | § | CIVIL ACTION NO. 5:11cv26 |
| PRESIDENT BARACK OBAMA | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Calvin Hyder, proceeding *pro se*, filed this petition purportedly as an action seeking mandamus relief. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant is the President of the United States.

Hyder asserts that the President owed him a "ministerial duty" to ensure that he is served adequate food, as provided for in the International Covenant on Economic, Social, and Cultural Rights. He contends that this treaty requires that prisoners be served adequate quantities and varieties of food, and that the President has a duty "to enforce this treaty upon the medical personnel at the prisons."

After review of the pleadings, the Magistrate Judge issued a Report recommending that the application for mandamus relief be denied. The Magistrate Judge noted first that individual citizens do not have standing to enforce the provisions of this treaty, and consequently Hyder lacks standing to seek mandamus relief requiring its enforcement. Second, the Magistrate Judge stated that Hyder had not shown a clear right to the relief requested, a clear duty to act on the part of the President, or that he has no other remedy at law, all of which must be shown in order to obtain mandamus relief.

1

Finally, the Magistrate Judge stated that Hyder has filed at least three lawsuits or appeals which have been dismissed as frivolous, and thus he is subject to the provisions of 28 U.S.C. §1915(g), which provides that prisoners who have accumulated "three strikes" may not proceed under the *in forma pauperis* statute absent a showing of imminent danger of serious physical injury. Although Hyder styled his complaint as a mandamus petition, the Magistrate Judge stated that under Fifth Circuit precedent, the nature of the underlying complaint would determine whether or not the Prison Litigation Reform Act, including the three-strikes provision, was applicable. Where the underlying complaint sounded in habeas corpus, this Act is not applicable, but where the underlying complaint was in the nature of a civil rights claim, the Act does apply. In re Crittenden, 143 F.3d 919, 920 (5th Cir. 1998); In re Jacobs, 213 F.3d 289, 290 n.1 (5th Cir. 2000) (applying Prison Litigation Reform Act to mandamus action).

In this case, the Magistrate Judge stated that a claim regarding the adequacy of meals in prison sounds in the nature of a civil rights complaint and not habeas corpus, thus the terms of the Prison Litigation Reform Act, including the three-strikes provision of 28 U.S.C. §1915(g), are applicable. Because this provision applies to Hyder, and he did not pay the filing fee or show that he is in imminent danger of serious physical injury, the Magistrate Judge recommended that his lawsuit be dismissed with prejudice as to the filing of another *in forma pauperis* action raising the same claims, but without prejudice as to the refiling of the lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee. The Magistrate Judge also recommended that should Hyder pay the filing fee within 15 days after the date of entry of dismissal, he be allowed to proceed in the lawsuit as though the full fee had been paid from the outset.

Hyder filed objections to the Magistrate Judge's Report on March 18, 2011. In his objections, Hyder complains first that his case was construed as a lawsuit and not as an application for the writ of mandamus, which thereby subjected him to the three-strikes provision of the Prison Litigation Reform Act. As the Magistrate Judge explained, however, the Prison Litigation Reform Act applies to mandamus petitions where the underlying cause of action sounds in civil rights rather

than habeas corpus, as in this case. Hyder's contention that the Prison Litigation Reform Act, including the three-strikes provision, does not apply is thus incorrect. His objection on this point is without merit.

Hyder also objects to the Magistrate Judge's recommendation that he have 15 days in which to pay the full filing fee, stating that the statute of limitations is two years. The 15 days is the period in which Hyder may pay the fee in the present lawsuit. He may file a new application for mandamus relief and pay the filing fee at any point within the limitations period. This objection is also without merit.

Finally, Hyder does not mention the Magistrate Judge's conclusions regarding his lack of standing to pursue claims under the International Covenant on Economic, Social, and Cultural Rights, or the fact that he has not shown an entitlement to mandamus relief because the President of the United States has no "clear duty" to act with regard to the quantity of food served to state prisoners. The Magistrate Judge did not err with regard to these issues.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and Hyder's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that Hyder's objections are without merit. It is accordingly

ORDERED that Hyder's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of mandamus be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* civil action raising the same claims as herein presented, but without prejudice to the refiling of this civil action without seeking *in forma pauperis* status and upon payment of the full $350.00 filing fee. Should Hyder pay the full filing fee within 15 days after the date of entry of dismissal, he shall be allowed to proceed in this civil action as though the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 23rd day of March, 2011.**

　　　　　　　　　　　　　　　　　　　　　/s/ David Folsom
　　　　　　　　　　　　　　　　　　　　　DAVID FOLSOM
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE